## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **FERNANDO AGUSTIMIANO RIOS,** | **Case No. 26–cv–04068–ESK** |
| **Petitioner,** | |
| v. | **ORDER** |
| **PAMELA BONDI,** *et al.*, | |
| **Respondents.** | |

**THIS MATTER** is before the Court on *pro se* petitioner Fernando Agustimiano Rios's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1) and motion for a temporary restraining order (Motion) (ECF No. 2.)

1.    Petitioner filed the Petition and Motion on April 17, 2026.  (ECF Nos. 1, 2.)   He alleged that he was being unlawfully detained "pursuant to a removal order that is the direct product of constitutionally deficient proceedings … ."   (ECF No. 1 p. 1.)   He asserted that he had filed a motion to reopen his immigration proceedings.   (*Id.* pp. 2, 3.)

2.    He asked for immediate release and an order staying the removal order until his motion to reopen was decided.  (*Id.* pp. 14, 15.)  I ordered respondents to file an expedited answer on April 17, 2026.   (ECF No. 6.)

3.    Respondents filed a letter indicating that petitioner had been moved from the District of New Jersey on April 16, 2026.  (ECF No. 5 p. 1.)  They subsequently filed a letter on April 18, 2026 stating that petitioner had been removed from the United States before the Petition was filed.   (ECF No. 7 p. 1.)

4.    On April 22, 2026, respondents moved to dismiss the Petition as moot due to petitioner's removal. (ECF No. 8.) According to respondents, petitioner's removal order became final on March 27, 2026.  (*Id.* p. 1.)  They confirmed that "[p]etitioner was in fact removed from the United States to Mexico pursuant to the final removal order at 10:30 a.m. (EST) on April 17, 2026, arriving in Mexico at 11:25 a.m. (EST) the same morning."  (*Id.* p. 2.)

The Petition was filed approximately 30 minutes after petitioner arrived in Mexico.   (ECF No. 1.)

5.    "Article III of the Constitution states that 'federal courts may adjudicate only actual, ongoing cases or controversies.'"   *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

6.    The Petition is moot to the extent it challenges petitioner's pre-removal detention as that detention has ended.   "Because this injury can no longer be redressed by a favorable judicial decision, this issue is moot."   *Id.*

7.    The request to stay petitioner's removal proceedings is also moot, and I lack jurisdiction to consider any further challenge to his removal.   Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders ... ."

Accordingly,

**IT IS** on this   **5th** day of **May 2026**   **ORDERED** that:

1.    The Petition at ECF No. 1 and Motion at ECF No. 2 are **DISMISSED AS MOOT**.

2.    Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

3.    The Clerk shall **CLOSE** this matter.

      */s/ Edward S. Kiel*
      **EDWARD S. KIEL**
      **UNITED STATES DISTRICT JUDGE**